**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco LEDESMA–ACEVES,**
**Defendant–Appellant.**

No. 07–30017.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Amy H. Rubin, Esq., Amy H. Rubin, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Francisco Ledesma–Aceves appeals from his 77–month sentence imposed after his guilty-plea conviction for being an alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ledesma–Aceves contends that the district court violated his Fifth and Sixth Amendment rights pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the indictment did not allege, he did not admit, and a jury did not find beyond a reasonable doubt, that he had been deported subsequent to his drug trafficking conviction. We disagree.

The record reflects that the dates of Ledesma–Aceves' prior removal were alleged in the indictment and that he admitted all of these dates in his Rule 11 hearing. *See United States v. Salazar–Lopez,* 506 F.3d 748, 751–55 (9th Cir.2007) (noting that it is sufficient if the date of removal is alleged in the indictment and admitted by the defendant or found by the jury); *see*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*also United States v. Calderon–Segura,* 512 F.3d 1104, 1110–11 (9th Cir.2008). Thus, the district court's application of § 1326(b) did not result in *Apprendi* error. *See Salazar–Lopez,* 506 F.3d at 751–55; *see also Calderon–Segura,* 512 F.3d at 1110–11.

Ledesma–Aceves also contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is invalid and should not be relied upon. He further contends that under the constitutional avoidance doctrine, *Almendarez–Torres* is limited to challenges to the indictment where the defendant admits the prior conviction during a guilty plea. These contentions are foreclosed. *See Salazar–Lopez,* 506 F.3d at 751 n. 3.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.